

**ENTERED**
**04/22/2008**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BRADLEY EMERSON KERR | § | CASE NO: 05-31801 |
|    Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| WILLIAM G WEST, TRUSTEE | § | |
|    Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 07-3443 |
| | § | |
| TD BANKNORTH, N.A. AS THE | § | |
| SUCCESSOR BY MERGER TO PEOPLES | § | |
| HERITAGE BANK, *et al* | § | |
|    Defendant(s) | § | |

<u>MEMORANDUM OPINION</u>
<u>CONCERNING JUDGMENT DISMISSING COMPLAINT ON STIPULATED FACTS</u>

     TD Banknorth NA, (the "Defendant"), is the trustee of two trusts ("Trusts") established by Grayce B. Flynn ("Settlor") for the benefit of her children and grandchildren. Bradley Kerr ("Debtor"), one of those grandchildren, is a principal beneficiary. William West ("Plaintiff", the chapter 7 trustee of Debtor's bankruptcy estate) brought this adversary proceeding to claim Debtor's interest in the Trusts for the benefit of creditors. Defendant contends that Debtor's remainderman interest in the trust is not property of the bankruptcy estate because the Trusts are spendthrift trusts. Plaintiff and Defendant agree that there is no issue of fact and have submitted the matter for decision on stipulated facts. For reasons set forth below, and by separate judgment issued this date, the Court agrees with Defendant and dismisses Plaintiff's claims with prejudice.

**I.    UNDISPUTED FACTS**

     The parties stipulate to the following facts:

     Settlor established inter vivos and testamentary Trusts substantially prior to the filing of Debtor's bankruptcy petition. Debtor is a remainderman of the Trusts. Defendant is the Trustee of the Trusts.

     The documents establishing the Trusts include the following language:

> The beneficiaries of the trusts herein created and continued are hereby restrained from, and are and shall be without right, power and authority to sell, transfer, pledge, mortgage, hypothecate, alienate, anticipate or in any other manner effect or

impair his or her beneficial and/or legal rights, titles, interests,
claims and estates in and to the income and/or principal of said
trusts during their entire terms, nor shall the rights, titles, interests
and estates of said beneficiaries be subject to the rights or claims of
creditors of said beneficiaries nor subject nor liable to any process
of court, or process of law at the hand of anyone whomsoever.

*Flynn Trust*, Stipulated Doc. # 20-2 at Art. III, para h; *Testamentary Trust*, Stipulated
Doc. # 20-3 at Art. 5, para 5.07.

Debtor filed a voluntary chapter 13 case on February 1, 2005.  The case was converted to
a chapter 7 case by order entered June 28, 2005.  Plaintiff is the duly appointed chapter 7 trustee
in the case.

The parties agree that there are no issues of material fact and that the matter can be
decided on the stipulated facts.

## II.    CONCLUSIONS OF LAW

A.      Statutory Restrictions on Transfer of Property

Plaintiff alleges that Debtor's remainder interests in the Trusts are property of the estate.
Defendant disagrees, asserting that the trust is a spendthrift trust.

1.      Bankruptcy Code § 541 and Restrictions on Transfer

Section 541(a) of the Bankruptcy Code defines property of the estate very broadly, but
§ 541(c) makes an exception.  That subsection states:

A restriction on the transfer of a beneficial interest of the debtor in
a trust that is enforceable under applicable nonbankruptcy law is
enforceable in a case under this title.

Bankruptcy Code § 541(c)(2).  *See also*, *Patterson v. Shumate*, 504 U.S. 753, 758; 112
S.Ct. 2242 (1992).

It is black letter law that if a restriction on transferability is effective under state law, the
property does not become property of the estate.

Although most restrictions on the transfer of the debtor's interest in
property are invalidated by Code § 541(c)(1), restrictions on the
transfer of a beneficial interest in a trust are preserved to the extent
that the restrictions are enforceable under applicable
nonbankruptcy law.  The term "applicable nonbankruptcy law"
includes any relevant law, state or federal.  Thus, a trust that
qualifies as a spendthrift trust under state law or an ERISA-
qualified pension plan will be excluded from property of the estate.

> The protection contains no limitation or qualification, so the
> debtor's entire interest is secure.

4 Norton Bankr. L. and Prac. 3d § 61:17 (Westlaw 2008).

2.      Oklahoma law

The Trusts were established under Oklahoma law and provide that Oklahoma law governs.  Neither party to this adversary proceeding has suggested that any other law supplies the rule for decision.  Therefore, Oklahoma is the "applicable nonbankruptcy law" relevant to § 541(c)(2).  *Trust Agreement*, Stipulated Doc. # 20-2 at Art. IX.

Oklahoma law recognizes and validates restrictions on transfer of a beneficial interest in trust:

> (A)  Any instrument creating a trust may provide by specific words
> that the interest of any beneficiary in the income of the trust shall
> not be subject to voluntary or involuntary alienation by such
> beneficiary. Subject to the following provisions of this section, a
> direction to this effect shall be valid and enforceable.
> …
> (E)  The right of any beneficiary of a trust to receive the principal
> of the trust or any part of it, presently or in the future, shall not be
> alienable and shall not be subject to the claims of his creditors.

60 Okl. St. Ann. § 175.25.

Plaintiff and Defendant agree, and the Trust documents clearly establish, that Debtor is a remainderman of the trust and therefore has the right to receive the remainder of the trust upon termination of the income interest.  Therefore, under Oklahoma law Debtor is a beneficiary.

> K. "Beneficiary" means any person entitled to receive from a trust
> any benefit of whatsoever kind or character.

60 Okl. St. Ann. § 175.3.

The documents create a restriction on the transfer of the Debtor's interest in the Trusts and that restriction is authorized, recognized, and enforceable under Oklahoma Law.

B.      Plaintiff's Arguments

1.      Debtor's Interest is Vested

Plaintiff asserts that Debtor's remainder interest is vested.  The Court agrees.

Plaintiff asserts that a vested remainder interest is freely alienable.[1]  That is not correct. Vested remainder interests are alienable <u>unless</u> the trust is a spendthrift trust.  The authority that Plaintiff cites, *Mid-America Corp. v. Geismar*, 380 P.2d 85 (Okla. 1963), involves a trust that

---

[1] Trustee's memorandum, docket # 21, paragraph 15.

was not a spendthrift trust.  Oklahoma statutes (cited above, enacted subsequent to all cases cited in paragraph 16 of Plaintiff's memorandum) provide that the interest of a beneficiary in a spendthrift trust is not alienable.

C.      Property of the Estate

Plaintiff asserts that all legal and equitable interests of the debtor become property of the estate when a bankruptcy case is filed.  The Court agrees with that general principle.

But Plaintiff fails to note the exception in Bankruptcy Code § 541(c)(2).  Plaintiff's error is simply failure to read the entirety of § 541.

Plaintiff cites *In re Potter*, 228 B.R. 422 (8th Cir. BAP 1999), which deals with valuation of a contingent interest in a trust that is not a spendthrift trust.  The dicta in *Potter,* which addresses spendthrift trusts, is *contra* to Plaintiff's argument.  The *Potter* court states, quoting *Collier on Bankruptcy*:  "Unless there is a valid spendthrift provision which exclude's the debtor's trust interest pursuant to Section 541(c)(2), '*every* right of the debtor under the trust becomes property of the estate.'"  *Potter*, 228 B.R., at 424 (emphasis supplied).

The same is true of *In re Colish*, 289 B.R. 523 (Bankr. E.D.N.Y. 2002).  Plaintiff cites the case as authority for the proposition that an interest in a trust becomes property of the estate despite a spendthrift clause.  In that case, however, the court recognized that a spendthrift trust provision would ordinarily exclude property from inclusion in a bankruptcy estate.  The *Colish* court reached a contrary conclusion only because it was dealing with a tax debt and because the tax lien had attached to debtor's interest in the trust and was perfected before the bankruptcy case was filed.  The court recognized that the spendthrift trust provisions would have been effective against most creditors, and would preclude the property from becoming property of the estate, but for the superpowers of the federal tax law:  The *Colish* court made this anomaly very clear.  "Thus, although the spendthrift clause generally prevented creditors of the Debtor from reaching his remainder interest in the Trust, the United States' federal tax lien can be satisfied against any income distributions of the Trust…"  *Colish*, 289 B.R., at 540.

Likewise, Plaintiff cites *In re Knight*, 164 B.R. 372 (Bankr. S.D. Fla. 1994); *In re Winstead Memorial Hospital*, 249 B.R. 588 (Bankr. D. Conn. 2000).  But both clearly recognize that a spendthrift trust provision will exclude property from the estate.

Plaintiff cites *In re Outboard Marine Corp.*, 278 B.R. 778 (N.D. Ill. 2002), which is clearly inapplicable because it deals with a "rabbi trust" which expressly provides that assets are subject to claims of general creditors.  That provision is required to avoid adverse tax consequences to the employees of the corporation for whom it is established.  A rabbi trust, therefore, by the explicit provisions of its own documentation is expressly and explicitly opposite to the Trusts established by Settlor.

*In re Steffan*, 97 B.R. 741 (Bankr. N.D.N.Y. 1989) does not deal with a spendthrift trust. It deals with a division of property between spouses that involved a trust so dominated by the parties that it was attacked as a fraud.  That is clearly inapplicable to the case at bar.

Plaintiff cites *In re Hurst*, 1993 WL 455935 (5th Cir. 1993).  The decision is an unpublished opinion, under Fifth Circuit Rule 47.5.  That rule applies to "opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law…"  Although not entirely clear from the opinion, it seems that the debtor in that case was not a beneficiary of the trust; on the contrary it seems that debtor's mother was the beneficiary both of principal and of income of the trust.  That appears to be the fact pattern because the trust is described as a marital deduction trust and because the court stated that the debtor's interest in the trust property derived from the will (section 2.03 of the will, to be precise), not from the trust.[2]  Therefore *Hurst* does not assist in the decision of the case at bar for two reasons:  (i) it is not precedent and (ii) the fact pattern is different.

Plaintiff cites *In re Britton*, 300 B.R. 155 (Bankr. D. Conn. 2003) for the proposition that a debtor's remainder interest in a spendthrift trust becomes property of the estate notwithstanding the spendthrift clause.  That is not the holding of the case.  The *Britton* court held that, under Connecticut law and the language of the trust document, only the income interest constituted a spendthrift interest.  The remainder interest did not.  Those facts are opposite to the case at bar.  The trust documents in this case, and Oklahoma law, make it clear that the interest of all beneficiaries are spendthrift interests.

### III.   CONCLUSION

By separate order issued this date, the Court grants final judgment in favor of the Defendant.

SIGNED 04/22/2008.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge

---

[2] Had the facts been otherwise, the Fifth Circuit would have been reaching a decision clearly at odds with a long line of jurisprudence, as shown in the text preceding this paragraph, and therefore undoubtedly would not have concluded that the opinion should not be published because it was based on "well-settled principles of law" and had no precedential value.